**PRIORITY SEND**

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No. EDCV 10-01324 VAP(DTBx) Date: September 29, 2010

Title: FANNIE MAE ALSO KNOWN AS FEDERAL NATIONAL MORTGAGE ASSOCIATION, IT SUCCESSOR AND/OR ASSIGNS *-v-* ANTONIO REYES, AND DOES 1 THROUGH X, INCLUSIVE

===================================================================

PRESENT: HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard
Courtroom Deputy

None Present
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:

None

ATTORNEYS PRESENT FOR DEFENDANTS:

None

PROCEEDINGS: MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

On January 26, 2010, Fannie Mae ("Plaintiff") filed a Complaint for unlawful detainer against Antonio Reyes ("Defendant") in the California Superior Court, Riverside County. On March 8, 2010, the Superior Court entered a default judgment against Defendant. On July 21, 2010, Defendant was evicted from the property in question. On September 1, 2010, Defendant filed a Petition for Removal on the basis of federal question jurisdiction under 28 U.S.C. § 1331. In the Petition for Removal, Defendant asserted fourteen counterclaims against Plaintiff and requested the Court vacate the judgment of the California Superior Court. (See Pet. for

Removal at 1, 18-19.) Defendant also filed a Notice of Removal requesting a stay of eviction. (See Not. of Removal at 1.)

The Court finds the Motion is appropriate for resolution without a hearing, and accordingly VACATES the hearing set for October 4, 2010. See Fed. R. Civ. P. 78; L.R. 7-15.

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c)). Even if a party does not question the court's subject matter jurisdiction, the court is required to raise and address the issue sua sponte. See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-31 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Defendant asserts the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, based on claims under the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and "national banking laws" generally. (See Pet. of Removal at 1-2.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint); (Compl. at 1). Accordingly, Defendant has not shown the Court has jurisdiction based on a federal question, 28 U.S.C. § 1331.

In addition, Defendant's request that the Court vacate the Superior Court

judgment is subject to dismissal for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (holding district courts may not exercise appellate jurisdiction over state courts). Instead, the proper court in which to obtain such review is the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. In other words, the doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (citation omitted); see also Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) (dismissing for lack of jurisdiction where claim amounted "to nothing more than an impermissible collateral attack on prior state court decisions") (citing MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987)).

Here, Defendant is asking the Court to set aside the judgment of the California Superior Court on the issue of the unlawful detainer. Such a ruling would be an exercise of appellate jurisdiction over the California Superior Court which goes well beyond the scope of this Court’s authority. The Court therefore does not have subject matter jurisdiction of this action under the Rooker-Feldman doctrine.

Finding the Complaint, the Petition for Removal, and the Notice of Removal fail to demonstrate a basis for the Court's jurisdiction, the Court REMANDS the action to the Superior Court for the County of Riverside.

**IT IS SO ORDERED.**